IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (SMALL BUSINESS ADMINISTRATION)<br>Plaintiff<br><br>vs<br><br>JOHN DOE and RICHARD ROE, as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding<br><br>Defendants | CIVIL 06-1449CCC |

## JUDGMENT BY DEFAULT

Upon plaintiff's Motion for Judgment by Default (docket entry 7), and it appearing to the Court that the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the days of July 5, 12, 19, 26 and August 2, and 9, 2006 as per verified statement filed with the Clerk of Court and pursuant to Rule 4 of the Rule os Civil Procedure of Puerto Rico, wherein the defendants were ordered to appear and answer the complaint and it appearing to the Court that none of the defendants have appeared or answered the complaint, after due deliberation and consideration, the Court FINDS:

1) That on or before April 21, 1995, Garaje Nacional, Inc., acting through the Marketing Development Corporation, received from the United States of America a loan in the amount of $311,000.00 on the property described at paragraph 3 below.

2) That in evidence of the money lent by plaintiff, United States of America, acting through Marketing Development Corporation Garaje Nacional, Inc. executed in favor of the plaintiff a promissory note dated April 21, 1995, in the amount of $311,000.00 at 8% interest rate, payable to Marketing Development Corporation.

3) That to secure the payment of said promissory note, Garaje Nacional, Inc., executed a First Mortgage in favor of the plaintiff on April 21, 1995, by First Mortgage Deed No. 32 before Notary Public Ovidio Zayas-Rivera, over the following described property:

CIVIL 06-1449CCC                              2

"RUSTICA: Parcela de terreno designada con la letra A y radicada en el Barrio Espinosa dentro del término municipal de Dorado, Puerto Rico, con una cabida superficial de CUATRO PUNTO CUARTO, TRES, CUATRO CUATRO CUERDAS (4.4344 cdas.), equivalente a Diecisiete Mil Cuatrocientos Veintiocho Punto Ocho Dos Cuatro Ocho Metros cuadrados (17,428.8248 m.c.); en lindes por el NORTE, en distancia de Setenta y Cuatro Punto Cincuenta y Dos Metros (74.52 m.) con la Carretera Estatal Número Dos (2); por el SUR, en distancia de Cuarenta y Cinco Punto Treinta y Seis Metros (45.36 m.), con la Sucesión Angel Rossy; por el ESTE, en distancia de Doscientos Noventa y Uno Punto Veinticinco Metros (291.25 m.) con la Parcela B; por el OESTE, en distancia de Ciento Treinta y Ocho Punto Noventa y Dos Metros (138.92 m.) con Santiago Blanco y en Ciento Setenta y Ocho Punto Cincuenta y Ocho Metros (178.58 m.) con el Licenciado Benigno Dávila. La porción descrita en el remanente de esta finca luego de deducida la segregación que se indica al margen.

Inscrita al Folio Cinto Ochenta y Ocho (188) del Tomo Dieciseis (16) de Dorado, Sección Segunda (II) de Bayamón, Finca Número Seiscientos Sesenta y Cuatro (664)."

4. On April 16, 1996 the above-described mortgage was modified amplified through a new promissory note for the principal amount of $60,000.00 with interest rate at 7% through deed number 60 before Notary Public Ovidio Zayas-Rivera.

5. That the aforementioned First Mortgage Deed executed in favor of the plaintiff was duly recorded in the Registry of Property of Bayamón, Section IV, at page 161, volume 103 of Dorado, property number 644, 11th Inscription, where said mortgage appears in full force and effect.

6. The aforementioned mortgage modifying the original loan was duly recorded in the Registry of the Property of Bayamón, Section IV at pag 162, of volume 103 of Dorado, Property number 644, 12th inscription where said mortgage appears in full force and effect.

7. That according to information received from the Small Business Administration, the promissory note of $311,000.00 dated April 21, 1995 and the modification dated April 16, 1996, described in paragraphs 2 and 4 above, while in possession of and under the custody of said agency, were apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable to find or locate said notes.

8. That under Articles 132 and 134 of the Mortgage and Property Act, Law 198 of 1979 as amended (30 LPRA Sections 2456 and 2458), and 28 U.S.C. §1655 when a mortgage note has been

CIVIL 06-1449CCC                                              3

lost as alleged above, the mortgage may be canceled of record by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

9. The indebtedness assumed by Garaje Nacional, Inc. to the plaintiff, United States of America, has been paid in full.

WHEREFORE, IT IS ORDERED

(1) That Judgment be entered against the defendants herein declaring that the aforementioned mortgage obligations are extinguished.

(2) That the promissory notes in the amount of $311,000.00 of principal with interest at the rate of 8% per annum and the modification in the amount of $60,000.00 with interest at the rate of 7% per annum, executed by Garaje Nacional, Inc., on April 21, 1995 and April 16, 1996, respectively, are hereby declared null and void, and therefore canceled.

(3) That the Registrar of the Property of Bayamón, Section IV, Puerto Rico, shall cancel and nullify the real estate voluntary mortgages executed by Garaje Nacional, Inc., to secure the payment of the promissory notes above described and referred to in paragraphs 4 and 6 of the complaint, constituted by the terms of Voluntary Mortgage Deeds Nos. 32 and 60 executed before Notary Public Ovidio Zayas-Rivera on April 21, 1995 and April 16, 1996, respectively, and which were recorded in the Registry of Property of Bayamón, Section IV, Puerto Rico, at pages 161 and 162, volume 103 of Dorado, Puerto Rico, property number 644, inscriptions 11 and 12.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on September 18, 2006.

                                              S/CARMEN CONSUELO CEREZO
                                               United States District Judge